Case 1:18-cv-01388-PLM-RSK   ECF No. 1 filed 12/17/18   PageID.1   Page 1 of 5

FILED - KZ
December 17, 2018 10:39 AM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
__jlb__ Scanned by OB / 12/17/18

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

1:18-cv-1388
Paul L. Maloney
United States District Judge

| | |
|---|---|
| **NATHANIEL SPENCER III** *Plaintiff* | Case No _____ |
| vs | |
| **Financial Recovery Services, INC.** *Defendant* | Judge _____ |
| | TRIAL BY JURY DEMANDED |

## COMPLAINT FOR VIOLATIONS OF THE FDCPA

### JURISDICTION

1. This court has Jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. § 1331

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Nathaniel Spencer III, a natural person, who resides in KALAMAZOO, MICHIGAN.

4. Defendant Financial Recovery Services, INC. is a Debt Collector within the meaning of the FDCPA, 15 U.S.C. § 1692a(6) with corporate offices at 4510 W. 77th St. Suite 200, Edina MN 55435.

5. FRS is engaged in the business of a collection agency, using the mail and telephone to collect consumer debts. Originally owed to others.

### VENUE

6. The occurrences which give rise to this action occurred in Kalamazoo County, Michigan and Plaintiff resides in Kalamazoo County, Michigan.

7. Venue is proper in the Western District of Michigan.

## GENERAL ALLEGATIONS.

8. On August 22, 2018 a person identifying himself as Clifton Johnson called Plaintiff on his cell phone and stated that he was calling concerning an alleged debt and that he was a representative of Financial Recovery Services, INC. (FRS), Plaintiff made a screen shoot of the call on his cell phone, *See Exhibit 1*. Mr. Johnson told Plaintiff that he was calling in regard to an alleged debt.  Plaintiff told him that he had know idea what he was talking about and that Plaintiff had no business with his company and did not owe them any money he also informed Mr. Johnson not to call him again on his cell phone.  Mr. Johnson attempted to get Plaintiffs personal information, but Mr. Spencer refused to give Mr. Johnson his personal information as he has never heard of FRS and has had no business dealings with them in the past.

9. On August 23, 2018 a gentleman identifying himself as Speros Assimes called Plantiff again on his cell phone as a representative of FRS in an attempt at communications in connection with the collection of an alleged debt. Plaintiff made a screen shot photo of this call, See *Exhibit 2*.  Mr. Spencer told Mr. Assimes that he did not understand what he was talking about as he has never heard of FRS and did not owe them any money.  Mr. Spencer told Mr. Assimes to mail him the information that he was calling about.  Mr. Assimes indicated that FRS did not have Plaintiff's current address, wanting to find out exactly what Mr. Assimes on behalf of FRS was calling about and being a reasonable man, Mr. Spencer gave Mr. Assimes his address so FRS could send him information concerning the alleged debt.

10. Mr. Spencer received a letter from FRS on or around 9/28/18 that itself was dated 9/21/18, *See Exhibit 3*. Plaintiff received this communication on or around 30 days after the initial phone communication concerning the alleged debt. (the initial phone was made on 8/22/18) This is clear prima facie evidence that the Defendant did not comply with 15 U.S.C. § 1692g(a) which clearly states, "...Notice of debt; contents, **Within five days** after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing...."

11. Plaintiff attempted to resolve the issue before filing the complaint into court by sending an e-mail to the e-mail address indicated on the back of the letter that FRS sent him. *See Exhibit 3* at the bottom of the second page of the letter under the header "**NOTICE TO ALL CONSUMERS**...If you have a complaint, criticism...please...email us at compliance@fin-rec.com...." so on Sun. November 25, 2018 Mr. Spencer did exactly that, he sent an e-mail with a preliminary draft of the lawsuit that he was intending on filing to that e-mail address *See Exhibit 4*. FRS did not respond.

12. In a last-ditch attempt to settle the case out of court Plaintiff sent a letter to Defendant via USPS certified mail, *See Exhibit 4* which was received by FRS on 12/4/18 *See Exhibit 5*. The letter clearly stated that Plaintiff would be filing a complaint within 7-10 days of FRS's receipt of the Notice Of Intent To File A Lawsuit, Plaintiff also attached a preliminary draft of the lawsuit to the letter. Defendant did not respond. Plaintiff has been forced to seek resolution of this issue through this honorable court.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. §1692g (a), WILLFUL NON-COMPLIANCE BY DEFENDANT FINANCIAL RECOVERY SERVICES, INC.

13. Paragraphs 6 through 11 are re-alleged as though fully set forth herein.

14. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

15. FINANCIAL RECOVERY SERVICES, INC (FRS) is a debt collector within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

16. FINANCIAL RECOVERY SERVICES, INC failed to comply with the FDCPA, 15 U.S.C. § 1692g(a) by not sending Mr. Spencer a "Notice of debt; contents Within five days after the initial communication with a consumer in connection with the collection of any debt…"

17. WHEREFORE, Plaintiff demands judgment for damages against FINANCIAL RECOVERY SERVICES, INC for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.  Together with other and further relief as the court may deem reasonable and just under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: December 17, 2018

Respectfully Submitted,

*[signature]*

Nathaniel Spencer III
1236 Jefferson Ave.
Kalamazoo MI. 49006
269-599-7808
Nathan.spenc.111@gmail.com