IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

NATHANIEL SPENCER III,

        Plaintiff,        CASE NO. 1:18-cv-01388-PLM-RSK

v.

FINANCIAL RECOVERY SERVICES, INC.,

        Defendant.

## ANSWER OF DEFENDANT FINANCIAL RECOVERY SERVICES, INC.

Defendant Financial Recovery Services, Inc. ("FRS" or "Defendant"), as and for its Answer to the Complaint of Plaintiff Nathaniel Spencer III ("Plaintiff"), denies each and every allegation set forth therein unless otherwise specifically admitted herein or otherwise qualified and states and alleges as follows:

1. This court has Jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

**Answer:  Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 1 of Plaintiff's Complaint.**

2. All conditions precedent to the bringing of this action have been performed.

**Answer:  Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 2 of Plaintiff's Complaint.**

3. The Plaintiff in this lawsuit is Nathaniel Spencer III, a natural person, who resides in KALAMAZOO, MICHIGAN.

**Answer:  Defendant admits the allegations set forth in Paragraph 3 of Plaintiff's Complaint, upon information and belief.**

1

4. Defendant Financial Recovery Services, INC. is a Debt Collector within the meaning of the FDCPA, 15 U.S.C. § 1692a(6) with corporate offices at 4510 W. 77th St. Suite 200, Edina MN 55435.

**Answer: Defendant admits that it has an office as alleged in Paragraph 4 of Plaintiff's Complaint, but has insufficient information and knowledge to either admit or deny the remaining allegations.**

5. FRS is engaged in the business of a collection agency, using the mail and telephone to collect consumer debts, originally owed to others.

**Answer: Defendant admits the allegations set forth in Paragraph 5 of Plaintiff's Complaint.**

6. The occurrences which give rise to this action occurred in Kalamazoo County, Michigan and Plaintiff resides in Kalamazoo County, Michigan.

**Answer: Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 6 of Plaintiff's Complaint.**

7. Venue is proper in the Western District of Michigan.

**Answer: Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint.**

8. On August 22, 2018 a person identifying himself as Clifton Johnson called Plaintiff on his cell phone and stated that he was calling concerning an alleged debt and that he was a representative of Financial Recovery Services, INC. (FRS), Plaintiff made a screen shoot of the call on his cell phone, *See Exhibit 1.* Mr. Johnson told Plaintiff that he was calling in regard to an alleged debt. Plaintiff told him that he had know idea what he was talking about and that Plaintiff had no business with his company and did not owe them any money he also informed Mr. Johnson not to call him again on his cell phone. Mr. Johnson attempted to get Plaintiffs personal information, but Mr. Spencer refused to give

Mr. Johnson his personal information as he has never heard of FRS and has had no business dealings with them in the past.

**Answer: Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 8 of Plaintiff's Complaint.**

9. On August 23, 2018 a gentleman identifying himself as Speros Assimes called Plantiff again on his cell phone as a representative of FRS in an attempt at communications in connection with the collection of an alleged debt. Plaintiff made a screen shot photo of this call, See *Exhibit 2.* Mr. Spencer told Mr. Assimes that he did not understand what he was talking about as he has never heard of FRS and did not owe them any money. Mr. Spencer told Mr. Assimes to mail him the information that he was calling about. Mr. Assimes indicated that FRS did not have Plaintiff's current address, wanting to find out exactly what Mr. Assimes on behalf of FRS was calling about and being a reasonable man, Mr. Spencer gave Mr. Assimes his address so FRS could send him information concerning the alleged debt.

**Answer: Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 9 of Plaintiff's Complaint.**

10. Mr. Spencer received a letter from FRS on or around 9/28/18 that itself was dated 9/21/18, *See Exhibit 3.* Plaintiff received this communication on or around 30 days after the initial phone communication concerning the alleged debt. (the initial phone was made on 8/22/18) This is clear prima facie evidence that the Defendant did not comply with 15 U.S.C. § 1692g(a) which clearly states, "...Notice of debt; contents, Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing...."

**Answer:  In response to Paragraph 10 of Plaintiff's Complaint, Defendant states that its letter speaks for itself.  Defendant has insufficient information and belief to either admit or deny when Plaintiff received the letter.**

3

11. Plaintiff attempted to resolve the issue before filing the complaint into court by sending an email to the e-mail address indicated on the back of the letter that FRS sent him. *See Exhibit* 3 at the bottom of the second page of the letter under the header "NOTICE TO ALL CONSUMERS...If you have a complaint, criticism...please...email us at compliance@fin-rec.com...." so on Sun. November 25, 2018 Mr. Spencer did exactly that, he sent an e-mail with a preliminary draft of the lawsuit that he was intending on filing to that e-mail address *See Exhibit 4.* FRS did not respond.

**Answer: Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint.**

12. In a last-ditch attempt to settle the case out of court Plaintiff sent a letter to Defendant via USPS certified mail, *See Exhibit* 4 which was received by FRS on 12/4/18 *See Exhibit* 5. The letter clearly stated that Plaintiff would be filing a complaint within 7-10 days of FRS's receipt of the Notice Of Intent To File A Lawsuit, Plaintiff also attached a preliminary draft of the lawsuit to the letter. Defendant did not respond. Plaintiff has been forced to seek resolution of this issue through this honorable court.

**Answer: Defendant admits the allegations set forth in Paragraph 12 of Plaintiff's Complaint.**

13. Paragraphs 6 through 11 are re-alleged as though fully set forth herein.

**Answer: Defendant restates all prior responses as though fully set forth herein.**

14. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

**Answer: Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint.**

15. FINANCIAL RECOVERY SERVICES, INC (FRS) is a debt collector within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

**Answer: Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint.**

16. FINANCIAL RECOVERY SERVICES, INC failed to comply with the FDCPA, 15 U.S.C. § 1692g(a) by not sending Mr. Spencer a "Notice of debt; contents Within five days after the initial communication with a consumer in connection with the collection of any debt..."

**Answer: Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.**

17. WHEREFORE, Plaintiff demands judgment for damages against FINANCIAL RECOVERY SERVICES, INC for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n. Together with other and further relief as the court may deem reasonable and just under the circumstances.

**Answer: In response to Paragraph 17 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief.**

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of Defendant.

### THIRD DEFENSE

Plaintiff may lack standing to assert some or all of the claims in his complaint.

### FOURTH DEFENSE

Any violation of law, which Defendant denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### FIFTH DEFENSE

Any violation of law or damages suffered by Plaintiff was the result of the actions

of a third party, or of Plaintiff himself.

<u>SIXTH DEFENSE</u>

Plaintiff's claims may be subject to binding arbitration.

Dated:  February 4, 2019						ATTORNEYS FOR DEFENDANT


s/ Michael S. Poncin
Michael S. Poncin (MN 296417)
MOSS & BARNETT
150 South Fifth Street
Suite 1200
Minneapolis, MN 55402
Tel:  612.877.5290
Fax:  612.877.5056
Mike.poncin@lawmoss.com

6

## CERTIFICATE OF SERVICE

    I hereby certify that on February 4, 2019, the foregoing document was filed with the Clerk of the Court via CM/ECF and served via U.S. mail upon the following non-ECF participants:

Nathaniel Spencer, III
1236 Jefferson Ave.
Kalamazoo, MI 49006
*Pro Se Plaintiff*

                                               s/ Michael S. Poncin
                                               Michael S. Poncin

4559829v1